**Opinion filed December 19, 2014**



### In The

# Eleventh Court of Appeals

_____

## No. 11-14-00332-CR

_____

## RICHARD CARL PEPPERS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 70th District Court**

**Ector County, Texas**

**Trial Court Cause No. A-42,639**

## M E M O R A N D U M   O P I N I O N

Richard Carl Peppers, Appellant, filed an untimely pro se notice of appeal from a conviction for driving while intoxicated. We dismiss the appeal.

The documents on file in this case indicate that Appellant's sentence was imposed on February 13, 2014, and that his pro se notice of appeal was filed in the district clerk's office on November 21, 2014. When the appeal was filed in this court, we notified Appellant by letter that the notice of appeal appeared to be

untimely and that the appeal may be dismissed. We also noted that the trial court's certification of Appellant's right of appeal indicated that Appellant has no right of appeal because this is a plea-bargain case. *See* TEX. R. APP. P. 25.2(a)(2), (d). The certification also indicates that Appellant waived his right of appeal. We requested that Appellant respond to our letter and show grounds to continue. Appellant has responded but has not shown grounds to continue the appeal.

Pursuant to TEX. R. APP. P. 26.2, a notice of appeal is due to be filed either (1) within thirty days after the date that sentence is imposed in open court or (2) if the defendant timely files a motion for new trial, within ninety days after the date that sentence is imposed in open court. A notice of appeal must be in writing and filed with the clerk of the trial court. TEX. R. APP. P. 25.2(c)(1). The documents on file in this court reflect that Appellant's notice of appeal was filed with the clerk of the trial court 281 days after his sentence was imposed. The notice of appeal was, therefore, untimely. Absent a timely filed notice of appeal or the granting of a timely motion for extension of time, we do not have jurisdiction to entertain this appeal. *Slaton v. State*, 981 S.W.2d 208 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108 (Tex. Crim. App. 1993). Because we have no jurisdiction, we must dismiss the appeal.

This appeal is dismissed for want of jurisdiction.


PER CURIAM


December 19, 2014

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.